SHEPHERD, C.J.,
concurring in part and dissenting in part.
I would simply affirm the decision of the trial court. The majority is obviously concerned that the injunction’s duration — “until the instant foreclosure proceeding is concluded” — will hamstring the City’s ability to demolish a nuisance property for an indeterminate period of time. However, despite being on notice at the two hearings below that the petitioners sought the stated durational relief, the City neither raised nor discussed the injunction’s requested duration at either hearing. The trial court explicitly ordered the City to draft the order in which the durational period appears. The City did not seek reconsideration or rehearing of the order as drafted before initiating this appeal, the City has not raised the durational period as an issue here, and, so far as the record reveals, has not moved to dissolve that portion of the injunction after entry. The City is and was represented by able counsel. It may be that the house in this case needs to be demolished immediately. We do not know, and the property owners have yet to have their say.
Courts that decide matters not properly before them reside on a slippery slope. This may be just a small slip; however, it is a cardinal principle of judging that the first business of a court is to mind its own business. In this case, we unnecessarily and improperly place our thumb on the *718 scale in favor of the City. As aptly stated by Chief Justice Roberts, “[i]f it is not necessary to decide more, it is necessary not to decide more.” Citizens United v. Fed. Election Comm’n, 558 U.S. 310, 130 S.Ct. 876, 919, 175 L.Ed.2d 753 (2010) (Chief Justice Roberts concurring); PDK Lab. Inc. v. U.S. D.E.A., 362 F.3d 786, 799 (D.C.Cir.2004) (Judge Roberts concurring in part and concurring in the judgment).